Andrew R. Jacobs, Esq.
Law Offices of Andrew R. Jacobs
222 Ridgedale Avenue
P. O. Box 533
Cedar Knolls, NJ 07927
973-292-5482
ajacobs@arjacobslaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH IRIZARRY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES and CHUGACH INDUSTRIES, INC., an Alaska corporation,<br><br>Defendants. | <u>Civil Action</u><br><br><u>Civil Action No.</u> |

Plaintiff Joseph Irizarry, a New Jersey domiciliary residing at 166 Garside Street, City of Newark, State of New Jersey, alleges as follows:

### JURISDICTION

1. Jurisdiction in this action is based upon original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 28 U.S.C. § 1331, in that Plaintiff's claim against Defendant United States is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., pursuant to 28 U.S.C. § 1346 (b)(1), which provides that this Court shall have exclusive jurisdiction of civil actions on claims against the United States for money damages for

1

personal injury caused by the negligent act or omission of any employee of the Government while acting within the scope of his employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place in which the act or omission occurred, herein New Jersey.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 against Defendant Chugach Industries, Inc., ("Chugach") in that Plaintiff's claim against Chugach is so related to claims brought herein against the United States that they form part of the same case or controversy under the United States Constitution, namely, (1) this Court has subject matter jurisdiction over Plaintiff's original claim against the United States; (2) Plaintiff's state law claim against Defendant Chugach and his federal claim against Defendant United States derive from a common nucleus of operative facts; and (3) it would ordinarily be expected that the claims be tried in one judicial proceeding; and this Court's original jurisdiction over Plaintiff's claim against the United States is not founded solely on 28 U.S.C. § 1332.

## VENUE

3. This action may be brought in this Court pursuant to 28 U.S.C. § 1391 (b)(1) and (2).

## THE PARTIES

4. At all times mentioned herein, Plaintiff Joseph Irizarry was an employee of Employment Horizons, Inc., working as a supervisory grounds keeper at Picatinny Arsenal ("the Arsenal"). The Arsenal was and is an American military research and manufacturing facility

2

located on 6400 acres of land in Jefferson Township and Rockaway Township in Morris County, New Jersey. The Arsenal is the headquarters of the United States Army Research, Development and Engineering Center.  It is the Army's center of expertise for small arms cartridge ammunition and development of technologies for the U.S. Armed Forces, and builds various munitions, weapons and armor systems.  It is also the home of the U.S. Army Explosive Ordnance Disposal ("EOD") Technology Directorate responsible for the creation of tools, equipment, and procedures for U.S. Army EOD personnel.

5. At all times mentioned herein, Chugach was a Government contractor employed by the U.S. Department of the Army, engaged in the business at the Arsenal of maintenance of storm drainage systems, ditches, and culverts, and facility component inspections including but not limited to drainage systems.  Chugach is incorporated under the laws of the State of Alaska, authorized to do business in New Jersey, with a main business address of 3800 Centerpoint Drive, Ste. 1200, Anchorage, Alaska 99503, and with a principal business address of US Army IMA Building 351, Picatinny Arsenal, New Jersey 07806. Chugach is a subsidiary of Chugach Government Solutions, LLC, with a main business address the same as Chugach.

## COUNT ONE

6. The allegations of Paragraph 1 through 5 are realleged as if set forth at length herein.

7. On or about May 26, 2016, in furtherance of his employment duties, Plaintiff Joseph Irizarry was working cutting grass and weed wacking on Parker Road, the main road when driving through the Arsenal,

less than a mile from the Security Guard.  At said time and place, Plaintiff stepped on the right corner of a "manhole" cover (square drain cover).

8. At the aforesaid time and place, as a result of Defendant United States' negligence, the manhole cover gave in on one side, hit Plaintiff on the shin on his left leg, and the manhole cover fell into the drain below.  Plaintiff fell into the manhole with the manhole cover and put his arms out to catch himself from falling completely into the hole.  Plaintiff's coworker then came over to him and pulled Plaintiff out of the manhole.

9. There were no flags or warning signs to use caution around the drain cover, grass had grown right up to the outline of the drain cover, and the drain cover was visibly rusted, which presented a foreseeable and unreasonable risk of harm.  Subsequent to said incident, said drain cover was apparently replaced with a new one, and the manhole covers at the Arsenal had orange warning cones placed around them.

10. By reason of the foregoing, as a result of the above described incident, Plaintiff Joseph Irizarry was damaged, in that he was painfully and permanently injured, including but not limited to his lumbar spine requiring multiple surgical repairs, particularly an L5-S1 laminectomy and discectomy, and a subsequent L4-L5 laminectomy and incurred, and in the future will incur, medical expenses in an effort to cure himself of said injuries, and was otherwise prevented and will be so prevented in the future from engaging in his usual pursuits, employment, and duties, and enjoying the quality of life he had prior to the subject incident.

11. At all times relevant to this Complaint, including and particularly on May 26, 2016, and for some time prior thereto, Defendant United

4

States, by and through its agents, servants, and employees, as the owner and operator of the aforesaid Arsenal premises, was responsible for the care, control, possession, inspection, repair, operation, management, and maintenance thereof, and was under a non-delegable duty to persons working at said location, including Plaintiff, and other business invitees to keep said premises in a reasonably safe condition.

12.  On or about May 26, 2016, Defendant United States, by and through its agents, servants, and employees, breached its aforesaid duty to keep, maintain, and operate the premises in a reasonably safe condition, in that it was negligent in the care, control, possession, inspection, repair, management, maintenance, management, and operation of said premises.

13.  As a result of said negligence, Claimant was caused to fall into the manhole as set forth above, resulting in the injuries and resulting damages he suffered as set forth in Paragraph 10 hereinabove.

14.  Plaintiff caused to be filed under the aforesaid Federal Tort Claims Act a timely Notice of Claim Standard Form (SF)95 in the amount of $3 Million Dollars with the Picatinny Arsenal Legal Office on October 5, 2017.  More than six months have passed since the filing of said Administrative claim.  The U.S. Army has not notified Plaintiff or his counsel of any final administrative action by way of a denial or final settlement offer on the claim.

   **WHEREFORE**, Plaintiff Joseph Irizarry demands judgment on this Count against Defendant United States, for damages in the amount of Three Million Dollars ($3 Million), interest, and costs of suit.

## COUNT TWO

15.  The allegations of Paragraphs 1 through 14 are realleged as if set forth at length herein.

16.  The US Army Contracting Command, on behalf of the US Army, issued a Contract, with an effective date of 01 Oct. 2011, Contract No. W15QKN-12-C-0001, and subsequently Contract No. W15QKN-16-C-1006 (hereinafter "The Contract"), with Chugach Industries, Inc. ("Chugach"), identified therein as the "Contractor".

17.  Pursuant to its terms, particularly Paragraph 5.3.4.14, Chugach shall be responsible for maintenance and repair of storm drainage systems, ditches, and culverts.  Further, pursuant to Paragraph 5.3.9.5 of said Contract, Chugach shall conduct facility component inspections including, but not be limited to drainage systems.

18.  As a result of Chugach's negligent failure to reasonably inspect, maintain and repair the aforesaid as required under its contract with the U.S. Army, particularly the subject manhole and its cover, Plaintiff was damaged in the subject incident as set forth herein above.

**WHEREFORE**, Plaintiff Joseph Irizarry demands judgment on this Count against Chugach for damages of an unliquidated sum, interest, and costs of suit.

## COUNT THREE

19.  The allegations of Paragraphs 1 through 18 are set forth herein are realleged as if set forth at length herein.

20.  The proximate cause of the incident in which Plaintiff suffered injury and resulting damages as set forth hereabove was the negligence of Defendant United States and its independent

6

contractor Defendant Chugach Industries, Inc., in the inspection, care, maintenance, management, operation, control, management, and repair of the subject property as a result of which Plaintiff suffered damages as set forth hereinabove.

**WHEREFORE**, Plaintiff Joseph Irizarry demands judgment on this Count against Defendants United States and Chugach Industries, Inc., jointly, severally, and in the alternative for damages in an unliquidated sum, interest, and costs of suit.

## JURY DEMAND

Plaintiff demands a trial by jury pursuant to Rule 38(b). F.R.Cv.P., against Defendant Chugach as to all issues so triable.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration, or administrative proceeding.

**LAW OFFICES OF ANDREW R. JACOBS**
**Attorney for Plaintiff**

By:_____

ANDREW R. JACOBS
222 Ridgedale Avenue
P. O. Box 533
Cedar Knolls, NJ 07927
973-292-5482
ajacobs@arjacobslaw.com

Dated:   April 25, 2018
         Cedar Knolls, New Jersey

7