**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH IRIZARRY, | Civil Action No. 18-8309 (ES) (JAD) |
| Plaintiff, | |
| v. | OPINION |
| THE UNITED STATES and CHUGACH INDUSTRIES, INC., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court is the United States's (the "Government's") motion to dismiss (i) the claims against it in the Amended Complaint (D.E. No. 33 ("Am. Compl.")) of plaintiff Joseph Irizarry ("Plaintiff"); and (ii) the cross-claim against it in the cross-complaint (D.E. No. 34) of Chugach Industries, Inc. ("Chugach"). (D.E. No. 38). The Court has considered the parties' submissions and decides the motion without oral argument. *See* L. Civ. R. 78.1(b). For the below reasons, the Court DENIES the Government's motion.

**I.    Background**

The Court will "set out facts as they appear in the [Amended] Complaint . . . ." *See, e.g.*, *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

In 2016, Plaintiff was employed as a supervisory groundskeeper by Employment Horizons. (Compl. at 3).[1] On May 26, 2016, as part of his duties, Plaintiff was landscaping at Picatinny

---

[1]    Employment Horizons is a custodial and grounds maintenance services provider. (*See* D.E. No. 38-1 at 5).

Arsenal (the "Arsenal")[2] "on Parker Road" when he stepped on the corner of a manhole cover ("a square drain cover"). (*Id.* at 4). The manhole cover "gave in on one side" and Plaintiff fell into the manhole. (*Id.*). "There were no flags or warning signs to use caution around the drain cover, grass had grown right up to the outline of the drain cover, and the drain cover was visibly rusted . . . ." (*Id.* at 4–5). As a result of falling into the manhole, Plaintiff sustained "painful[] and permanent[]" injuries. (*Id.* at 5).

Plaintiff brought a three-count[3] complaint for negligence. In Count One, Plaintiff alleges that the United States (through the Department of the Army (the "Army")) "as the owner and operator of the . . . Arsenal premises . . . was under a non-delegable duty to persons working at said location . . . to keep said premises in a reasonably safe condition." (*Id.* at 5). Plaintiff alleges that the United States "by and through its agents, servants, and employees, breached its aforesaid duty" and thus "was negligent in the care . . . of said premises," causing in Plaintiff's injury. (*Id.* at 5–6 & 7). Because the United States is a defendant, Plaintiff brings Count One pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "FTCA"). (*See id*. at 1–2). In Count Two, Plaintiff alleges that Chugach was contractually responsible for the "maintenance and repair of storm drainage systems" and had a duty to "conduct facility component inspections." (*Id.* at 7). Plaintiff asserts that he was injured "as a result of Chugach's negligent failure to reasonably inspect, maintain and repair the aforesaid as required under its contract with the U.S. Army." (*Id.*).[4]

---

[2] The Arsenal is a military research and manufacturing facility located in New Jersey. (Am. Compl. at 3).

[3] Count Three merely states that the negligence of the United States and Chugach was the "proximate cause of the incident in which Plaintiff suffered injury." (Am. Compl. at 7). That allegation about proximate causation is not a separate claim, so in deciding the Government's motion, the Court will refer only to Counts One and Two.

[4] There are several possible bases for subject-matter jurisdiction over this claim. Plaintiff asserts that the Court has supplemental jurisdiction under 28 U.S.C § 1367 and original jurisdiction under 28 U.S.C. § 1332(a)(1) & (c)(1).

Chugach filed cross-claims against the Government for contribution as a joint tortfeasor and for contractual indemnification. (D.E. No. 34 at 10–11).[5] The Government has moved to dismiss both Chugach's cross-claim and "Plaintiff's claims against the United States" for lack of subject-matter jurisdiction. (D.E. No. 38). The Government's principal contention is sovereign immunity premised on Plaintiff and Chugach's failure to identify "any wrongful act or omission of any employee of the Government." (*See* D.E. No. 38-1 ("Mov. Br.") at 9). In support of that contention, the Government submits that any negligence against Plaintiff is attributable to Chugach or Employment Horizons:[6] *Chugach* was contractually responsible for the maintenance of the manhole cover in question, or to warn of its danger; and, more generally, Chugach and Employment Horizons "share[d] responsibility" for the length of the grass around the manhole cover. (*See* Mov. Br. at 13–14). Moreover, and crucially, the Government asserts that "Chugach and Employment Horizons are independent contractors." (*Id.* at 10–12).

As a threshold matter, Plaintiff argues that the Government's motion was procedurally improper. (D.E. No. 39 ("Pl. Opp. Br.") at 6 & 7). As to the merits, both Plaintiff and Chugach argue that the Court should deny the motion because deciding the jurisdictional issue before discovery would "be an abuse of the Court's discretion." (*See* Pl. Opp. Br. at 13; *see also* D.E.

---

(*See* Am. Compl. at 2). Alternatively, if Chugach is an "employee of the Government," this claim could be brought under the jurisdiction conferred in the Federal Tort Claims Act. *See* 28 U.S.C. § 1346(b)(1).

[5]  The United States apparently does not target Chugach's second cross-claim—"that there may arise out of its relationship with [the United States] a contractual obligation entitling it to indemnification should [Chugach] be adjudged liable in any way" (D.E. No. 34 at 11)—in its motion. (*See, e.g.*, D.E. No. 38 at 2 (moving to dismiss the single "cross-claim"); *see generally* Mov. Br. (omitting to mention the second cross-claim)). Because the Court does not currently question whether it has subject-matter jurisdiction to adjudicate the second cross-claim, it need not further address it at this time. *See* U.S. Const. Art. III § 2 ("extend[ing]" the "judicial Power . . . to Controversies to which the United States shall be a party"); 28 U.S.C. § 1331.

[6]  The United States submits that the "ultimate apportionment of liability between those two contractors (if any) has no bearing on whether the claims against the United States are barred by the independent contractor exception." (D.E. No. 38-1 at 14 n.5). The Court discusses that exception below.

No. 40 ("Chug. Opp. Br.") at 9). For the following reasons, the Court rules that the Government's motion was procedurally proper but denies it nonetheless.

## II. Procedural Propriety of Government's Motion

Plaintiff observes that the Government's motion makes a factual challenge to subject-matter jurisdiction and contends that the motion is improper because the Government has not yet filed an answer. (*See* Pl. Opp. Br. at 6–7; *see also* Mov. Br. at 7 ("Here, the United States presents a factual challenge to the Court's subject matter jurisdiction.")). The Court disagrees. A factual challenge may not be made before any answer to the complaint "*or otherwise present[ing] competing facts.*" *Constitution Party of Penn. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (emphasis added); *see also Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977) ("A factual jurisdictional proceeding cannot occur until [the] plaintiff's allegations have been controverted."). Here, the Government does make a factual challenge (*see* Mov. Br. at 7) *and has controverted Plaintiff's factual allegations* with affidavits (*see* D.E. No. 38-2 & D.E. No. 38-6). The motion, then, "*must be construed as factual*, rather than facial," because it is "supported by a sworn statement of facts." *See Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) (emphasis added). Therefore, the motion is not procedurally improper merely because it was filed before an answer: "A factual attack requires a factual dispute," and there is one here. *See Constitution Party*, 757 F.3d at 358.

## III. Discussion

### A. Legal Standards

The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

4

*United States v. Sherwood*, 312 U.S. 584, 586 (1941). Pursuant to the FTCA, the United States has waived sovereign immunity and consented to be sued

> for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). But the term, "employee of the government" does not "include any contractor with the United States. Thus, there is an independent-contractor exemption in the [FTCA]." *Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997) (citing 28 U.S.C. § 2671). The FTCA, in other words, is only a "limited" waiver of sovereign immunity and does not permit suit for the acts or omissions of "any contractor with the United States." *See United States v. Orleans*, 425 U.S. 807, 807–08 (1976).

A motion to dismiss for lack of subject-matter jurisdiction may be properly based on that independent contractor exception. *See, e.g.*, *Norman*, 111 F.3d at 357.[7] A challenge to subject-matter jurisdiction may be facial or factual: A facial attack challenges subject-matter jurisdiction "without disputing the facts alleged in the complaint." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). In contrast, a factual challenge like the one here "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts." *Id.* (citations omitted). When deciding a factual challenge, "[n]o presumptive truthfulness attaches to [the] plaintiff's allegations," and the Court is allowed to "weigh and consider evidence outside the pleadings." *Id.* But "less of a factual showing" is

---

[7] The requirement that a tortfeasor be an "employee of the Government," and not an independent contractor, appears in the jurisdictional provision of the FTCA. *See* 28 U.S.C. § 1346(b)(1) (conferring "exclusive jurisdiction [over] claims . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government"). Hence it is jurisdictional. *See CNA v. United States*, 535 F.3d 132, 142 (3d Cir. 2008).

required from the plaintiff when jurisdiction is *intertwined with the merits*. *See CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008).

"[W]here jurisdiction is intertwined with the merits of an FTCA claim . . . a district court *must take care not to reach the merits* of a case when deciding a Rule 12(b)(1) motion." *CNA*, 535 F.3d at 144 (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178–79 (3d Cir. 2000)) (emphasis added). Courts, in other words, must "ensure that they do not prematurely grant Rule 12(b)(1) motions to dismiss claims in which jurisdiction is intertwined with the merits and could be established, along with the merits, given the benefit of discovery." *Id*. at 145. Determining whether jurisdiction is intertwined with the merits of an FTCA claim often depends, as it does here, on whether an entity that has contracted with the government is properly considered an independent contractor. *See, e.g.*, *E.D. v. United States*, 764 F. App'x 169, 172–73 (3d Cir. 2019). And "[t]he critical element in distinguishing an [employee] from a contractor [under the FTCA] is the power of the federal government 'to control the detailed physical performance of the contractor.'" *United States v. Orleans*, 425 U.S. 807, 808 (1976) (quoting *Logue*, 412 U.S. at 528).

For the reasons discussed below, the Court rules that its jurisdiction is "intertwined with the merits" of Plaintiff's and Chugach's claims and thus denies the Government's motion.

**B. Factual Disputes**

As observed above, "the United States presents a factual challenge to the Court's subject matter jurisdiction," asserting that "[t]he Court lacks subject matter jurisdiction over the United States because Chugach and Employment Horizons, both of which are independent contractors, are responsible for [Plaintiff]'s alleged injury." (Mov. Br. at 7–8). In other words, there are factual disputes over whether (a) "the negligence at issue here attributable exclusively to Chugach or

Employment Horizons" (*see id.* at 10 & 13–18); and (b) those entities are independent contractors (*see id.* at 10–12; *see also* Pl. Opp. Br. at 13; Chug. Opp. Br. at 2).

**(a) Whether the negligence at issue here is attributable exclusively to Chugach or Employment Horizons**

To support its factual contention on this issue, the Government points to the following sections of its contracts with Chugach and Employment Horizons:[8]

- "[Chugach] shall conduct facility component inspections . . . [of] drainage systems" and "shall repair and maintain . . . storm drainage systems." (Mov. Br. at 3 & 13; D.E. No. 38-3 at 98 & 107).

- "[Chugach] shall perform . . . landscaping maintenance." (Mov. Br. at 14; D.E. No. 38-3 at 101). And Employment Horizons must "provide routine landscaping services." (Mov. Br. at 14; *see* D.E. No. 38-4 at 43–51).[9]

- "[Chugach] is responsible for the safety and health of all military and civilian employees and residents of the [Arsenal], as well as his or her employees and those of his or her subcontractors." (Mov. Br. at 13; D.E. No. 38-3 at 171).

- "[Chugach] is required to ensure that its employees carry out these responsibilities."

(Mov. Br. at 13; *see* D.E. No. 38-3 at 117).

Chugach does not contest the validity of its contract with the Army. (*See* Chug. Opp. Br. at 4; *see generally* D.E. No. 38-3). But Plaintiff observes that a separate provision of the contract with Chugach required *the Government* to "audit[] and evaluate[]" Chugach's "activities" and that

---

[8] The Army entered the contract with Chugach in January 2016 (D.E. No. 38-3) and the contract with Employment Horizons in April 2016 (D.E. No. 38-4).

[9] Plaintiff only briefly mentions Employment Horizons, and Chugach does not refer to Employment Horizons at all. (*See* Pl. Opp. Br. at 13; *see generally* Chug. Opp. Br.).

7

the audits "shall be conducted to identify any safety and health problems." (Pl. Opp. Br. at 15). Chugach, for its part, asserts that Army employees impeded Chugach's contractual obligation to maintain and repair the manhole cover (Chug. Opp. Br. at 9; D.E. No. 38-3 at 98): In early 2016, Richard Havrisko, the Arsenal's Director of Public Works,[10] informed Robert Llewellyn, Chugach's Public Works Manager, that Mr. Havrisko "had personally examined the storm drains along Parker Road and agreed that they needed to be dealt with." (Chug. Opp. Br. at 5–6; D.E. 40-1 ¶ 9). In April, 2016, however, Mr. Havrisko informed Chugach "that the Army had changed its mind on how to proceed with respect to drainage evaluation and repair" and that he wanted to continue "with the milling and paving of Parker Road this season, without any work on repairing the drainage pipes under the roadway." (D.E. 40-1 ¶ 10; Chug. Opp. Br. at 2).[11]

**(b) Whether Chugach and Employment Horizons are independent contractors[12]**

In support of its factual contention on this issue, the Government alleges that Chugach was paid "hundreds of millions of dollars . . . to manage all aspects of the day-to-day management of [the Arsenal]." (Mov. Br. at 11–12). The Government also alleges that Chugach is "responsible for supervising its own employees" and that "[t]he Army did not control the day-to-day operations of Chugach employees." (D.E. No. 38-2; D.E. No. 41 at 7). Further, the Government alleges that Chugach is contractually required to conduct inspections regularly and without the Government's pre-approval. (*See* Mov. Br. at 14; D.E. No. 38-3 at 107).

---

[10]     Mr. Havrisko is an "employee of the Government" within the meaning of the FTCA. *See United States v. Orleans*, 425 U.S. 807, 808 (1976); (D.E. No. 38-2 ¶ 1).

[11]     Naturally, the parties dispute the meaning of "repairing the drainage pipes under the roadway." (*See, e.g.*, D.E. No. 41 at 12–13).

[12]     Notably, no party has argued that Employment Horizons is an independent contractor *and* that Employment Horizons is exclusively responsible for the alleged negligence. (*See generally, e.g.*, Mov. Br.). Thus the Court need not discuss whether Employment Horizons is an independent contractor at this time.

Plaintiff, however, contends that "[t]he United States Army is really in charge of, responsible for, and ultimately in control of Chugach Industries in the performance of its contractual duties." (Pl. Opp. Br. at 15). Chugach similarly contends that "[t]he United States and its employees were involved in ongoing, active oversight of Chugach's work, imposing operational requirements beyond those called for in the contract documents—and that the Government was contractually required to "audit[] and evaluate[]" Chugach's "activities." (Chug. Opp. Br. at 9 & 15). Chugach asserts that, beginning in 2012, "the Army precluded Chugach from undertaking any work under the contract under Chugach's sole initiative." (*Id.* at 4). Since 2012, Chugach "was required to submit Work Orders in advance for all of its work under the contract, including work falling below the $2500 threshold for Service Orders." (*Id.*; D.E. No. 40-1 ¶ 3). And as discussed above, Chugach also cites correspondence from the Arsenal's Director of Public Works to show that the Army impeded Chugach's contractual obligation to maintain and repair the manhole cover. (*See, e.g.*, Chug. Opp. Br. at 1–2; D.E. 40-1 ¶¶ 9 & 10).

### C. Legal Analysis

Jurisdiction is "intertwined with the merits" of a claim if jurisdiction and the merits of the claim involve "overlapping issues of proof." *CNA*, 535 F.3d at 143; *see, e.g.*, *E.D.*, 764 F. App'x at 173 ("Whether the Government wholly delegated any state-law duty that was allegedly breached . . . is intertwined with the merits of E.D's direct-negligence claim."). Here, the basis for the Court's jurisdiction and Plaintiff's and Chugach's claims involve overlapping issues of proof— and contested facts, as detailed above.

#### 1. Direct Negligence

In Count One, Plaintiff claims that the United States was directly negligent "by and through its agents, servants, and employees"[13] because it breached its "duty to keep, maintain, and operate [the Arsenal] in a reasonably safe condition." (Am. Compl. at 5–6). The Government, to reiterate, argues that it contractually delegated this state-law duty of care to Chugach. (*See* Mov. Br. at 13 & D.E. No. 41 at 4).[14]

In order for Plaintiff to show that the Court has subject-matter jurisdiction over the direct-negligence claim, he must establish among other elements that the United States, if a private person, would be liable under New Jersey state tort law. *See* 28 U.S.C. § 1346(b)(1); *CNA*, 535 F.3d at 141. Under New Jersey state tort law, a landowner has a duty to provide a reasonably safe place for employees and independent contractors to work. *See, e.g.*, *Izhaky v. Jamesway Corp.*, 478 A.2d 416, 417 (N.J. Super. Ct. App. Div. 1983); *Ryan v. United States*, 233 F. Supp. 2d 668, 683 (D.N.J. 2002). But establishing that the United States held and breached that duty to Plaintiff, for instance, are also elements Plaintiff must prove to succeed on the merits of the direct-negligence claim. *See, e.g.*, *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. Sup. Ct. 2014) ("The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages.").

---

[13] Plaintiff does not specify which "agents, servants, and employees" allegedly acted negligently. (*See* Am. Compl. at 5). This language, therefore, could encompass both Chugach and Employment Horizons *as well as* people undisputedly employed by the Government (*e.g.*, Mr. Havrisko). *See, e.g.*, *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 266 (3d Cir. 2016) (requiring the Court "to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to" Plaintiff).

[14] New Jersey state courts have interpreted this duty as nondelegable. *See, e.g.*, *Izahky*, 478 A.2d at 417. Under the FTCA, however, the Government's duty of care *could be* delegable, state law notwithstanding. *See Berrien v. United States*, 711 F.3d 654, 658 (6th Cir. 2013) (citing *Logue v. United States*, 412 U.S. 521, 528 (1973)). But whether it was in fact delegated, as discussed above, cannot be resolved at this time.

Chugach similarly alleges that the United States "is a joint tortfeasor;" hence Chugach also must prove that the United States held and breached a duty of care to Plaintiff to prove the merits of its claim. *See id.*; (Chug. Opp. Br. at 11). Therefore, the issues of subject-matter jurisdiction and the merits of Count One and Chugach's analogous cross-claim involve "overlapping issues of proof." *See CNA*, 535 F.3d at 143. And the Court cannot "prematurely grant [the] Rule 12(b)(1) motion[]" but must give Plaintiff and Chugach "the benefit of discovery" on Count One and the cross-claim. *See id.* at 145; *see, e.g.*, *E.D.*, 764 F. App'x at 172–73.

   2. **Vicarious Liability**

In Count 2, Plaintiff claims that *Chugach* negligently breached its contractual duty to maintain and repair "storm drainage systems" and to "conduct facility component inspections." (Am. Compl. at 7). If Chugach was an "employee of the Government" acting within the scope of its employment—to reiterate, an open factual question—Count Two could be brought against the United States under the FTCA. (*See* Am. Compl. at 5 (Count One alleging negligence "by and through [the United States's] agents, servants, and employees")). To that extent, the United States moves to dismiss it (*see* D.E. No. 38; Mov. Br. at 18 (arguing that "the cross-claim [is] missing a prerequisite to an FTCA claim—a negligent act or omission by a federal employee")) and the Court will analyze it.

As noted above, "[t]he critical element in distinguishing an [employee] from a contractor [under the FTCA] is the power of the federal government 'to control the detailed physical performance of the contractor.'" *See Orleans*, 425 U.S. at 808 (1976) (quoting *Logue*, 412 U.S. at 528). The distinction is "whether its day-to-day operations are supervised by the Federal Government." *Norman*, 111 F.3d at 357.

Hence to establish FTCA subject-matter jurisdiction over Count 2—under the requirement that the tortfeasor be an "employee of the Government," *see* 28 U.S.C. § 1346(b)(1)—Plaintiff must show that the United States supervised Chugach's "day-to-day operations." *See id.* But whether the United States supervised Chugach's day-to-day operations is also an element Plaintiff must prove to succeed on the merits of a vicarious liability claim against the Government. *See E.D.*, 764 F. App'x at 173. So these two issues also involve "overlapping issues of proof." *See CNA*, 535 F.3d at 143. And the Court cannot "prematurely grant [the] Rule 12(b)(1) motion[]" but must give Plaintiff "the benefit of discovery" on Count Two. *See id*. at 145.

### D. Discovery

Accordingly, "it is too early in the action to determine definitively that [the Government] had no hand" in the alleged negligence. *See Blumberg v. Rolle*, No. 18-9043, 2019 WL 1529960, at *5 (D.N.J. Apr. 9, 2019). As a result, "the Court directs that the case shall proceed through the usual discovery process" and observes that the Government "may nonetheless raise the issue of subject matter jurisdiction at any appropriate time." *See, e.g.*, *id.* at *6 & n.10.

### IV. Conclusion

For the foregoing reasons, the Court DENIES the Government's motion to dismiss, *without prejudice*. An appropriate order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
